IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-50442
Conference Calendar
_____


DAVID GLENN BRAY,

Plaintiff-Appellant,

versus

BREWER, Mr.; L. STEELE,
DENNIS WALKER, Sheriff,
LIMESTONE COUNTY COURT COMMISSIONERS;
JACK CRUMP; D. CORDOVA, Captain;
ALFREDO, Lt.; B. KENT, Sgt.; CRONK,
Officer,

Defendants-Appellees.


- - - - - - - - - -
Appeal from the United States District Court
for the Western District of
USDC No. W-95-CV-153
- - - - - - - - - - -
August 24, 1995

Before KING, JOLLY, and WIENER, Circuit Judges.

PER CURIAM:[*]

David Glenn Bray has filed a motion to proceed in forma pauperis (IFP) in this court. To proceed pro se and IFP on appeal, Bray must show that he is a pauper and must raise a nonfrivolous issue. Carson v. Polley, 689 F.2d 562, 586 (5th

      *     Local Rule 47.5 provides:  "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession."  Pursuant to that Rule, the court has determined that this opinion should not be published.

Cir. 1982). "The inquiry is limited to whether the appeal involves `legal points arguable on their merits (and therefore not frivolous).'" Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983).

Bray does not raise a nonfrivolous issue for appeal. An order denying an application to proceed IFP is immediately appealable and is properly before this court. See Flowers v. Turbine Support Division, 507 F.2d 1242, 1244 (5th Cir. 1975). The denial of IFP status is reviewed for an abuse of discretion. Id. at 1243-44. Whether a party may proceed IFP in the district court is based solely upon economic criteria. Watson v. Ault, 525 F.2d 886, 891 (5th Cir. 1976). Poverty sufficient to qualify does not require absolute destitution. Adkins v. E.I. Du Pont de Nemours & Co., 335 U.S. 331, 339 (1948). The central question is whether the movant can afford the costs without undue hardship or deprivation of the necessities of life. Id. at 339-40.

The district court determined that Bray had sufficient funds to pay the $120 it cost to file his complaint. Given Bray's attestations that he had $21.37 in his prison trust account, that in the last six months he had received deposits in excess of $370, and that he receives about $120 a month in deposits, he could afford the filing fee without undue hardship or deprivation of the necessities of life. Accordingly, the district court did not abuse its discretion when it denied Bray motion to proceed IFP. As such, Bray fails to raise a nonfrivolous issue on appeal. His motion to proceed IFP in this court is DENIED, and his appeal is DISMISSED as frivolous. 5th Cir. R. 42.2.